UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rochel Goldklang<br><br>      Plaintiff,<br><br> -against-<br><br>Equifax Information Services LLC;<br>Experian Information Solutions, Inc.; and<br>American Express Company;<br><br>      Defendant(s). | Case No.: 7:21-cv-11067<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

Plaintiff Rochel Goldklang, by and through her attorneys, and as for her Complaint against Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") (Eqcohenuifax and Experian each a "Bureau" and collectively "Bureaus"), and American Express Company ("American Express" or "Furnisher"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p et seq.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Rockland.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Equifax Information Services LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Equifax is a Georgia corporation registered to do business in this State and may be served with process upon its registered agent c/o Corporation Service Company, 80 State Street, Albany, New York, 12207-2543.

8. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

10. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

11. Experian is an Ohio corporation registered to do business in this State, and may be served with process upon its registered agent c/o C T Corporation System, 28 Liberty St., New York, New York, 10005.

12. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling,

evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

13. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

14. American Express has an address for service at C T Corporation System, 28 Liberty Street, New York, NY, 10005.

15. American Express is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates the above allegations as if set forth here.

17. Sometime prior to the events relevant here, Plaintiff allegedly incurred a debt to Furnisher ("Account").

18. On or about August 30, 2019, plaintiff received a letter from Furnisher with an offer to settle her Account for $174.90.

19. Plaintiff accepted the settlement offer and issued a check on September 18, 2019, for $174.90 made payable to Furnisher.

20. On the check, it stated that endorsement of the check would constitute an agreement to delete the Account from all three major credit bureaus—Equifax, Experian, and Trans Union.

21. Plaintiff also included a cover letter with the check to this effect.

22. Furnisher then endorsed the check.

23. Furnisher then deposited the check.

24. However, instead of keeping its end of the bargain to accept that amount as payment in full, Furnisher applied Plaintiff's check towards the full balance.

25. Furnisher then considered the account to have a remaining balance despite Plaintiff's acceptance of Furnisher's offer and Plaintiff's performance of her part of the settlement agreement.

26. In a classic bait and switch-type move, Furnisher lured Plaintiff into making payment due to Furnisher's offer to accept it as payment in full, and instead only accepted that amount as a partial payment leaving Plaintiff with a now fraudulent alleged balance remaining.

27. Furnisher continued to report the remaining balance to the Bureaus.

28. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

29. Plaintiff notified the Bureaus that she disputed the accuracy of the information it was reporting on or around May 17, 2020 ("May Dispute").

30. Plaintiff stated in her May Dispute that she was disputing the reporting of this tradeline.

31. Plaintiff's May Dispute noted that the tradeline is not correct it should be deleted from her credit report.

32. Plaintiff again notified the Bureaus that she disputed the accuracy of the information it was reporting on or around December 22, 2020 ("December Dispute").

33. Plaintiff stated in her December Dispute that she was disputing the reporting of this tradeline.

34. Plaintiff's December Dispute noted that the tradeline is not correct it should be deleted from her credit report.

35. Plaintiff's December Dispute noted that the Account was settled and that there was also an agreement that it would be deleted from all credit reports from each Bureau.

36. Plaintiff notified the Bureaus that she disputed the accuracy of the information it was reporting on or around December 1, 2021 ("Dispute") (the May Dispute, December Dispute, and Dispute, collectively "Disputes").

37. Plaintiff stated in her Dispute that she was disputing the reporting of this tradeline.

38. Plaintiff's Dispute noted that the tradeline is not correct and it was causing her financial distress because of the derogatory information.

39. Plaintiff explained that Furnisher had offered to settle and she paid the settlement.

40. Plaintiff further explained that her check included an agreement that if they deposit it, it must be deleted from her credit report.

41. Plaintiff noted that the check was deposited, and not only is it still on her credit report, but Furnisher had applied her payment to the balance and was reporting the remainder instead of reporting a $0 balance and that it was settled.

42. Plaintiff included a copy of Furnisher's settlement offer letter, her letter that was sent with her settlement check, a copy of the check as written, and a copy of the endorsed and deposited check.

43. All of this confirmed that the Account was being misreported.

44. The Bureaus are required to notify the Furnisher of Plaintiff's dispute.

45. It appears and is therefore averred that the Bureaus notified Furnisher of each of Plaintiff's disputes.

46. Upon receipt of the dispute of the account by the Plaintiff from the Bureaus, Furnisher failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

47. Had Furnisher done a reasonable investigation it would have been revealed to Furnisher that the account is inaccurate.

48. A reasonable investigation by the Bureaus would have revealed that the Account was being reported inaccurately.

49. This is particularly so because the Plaintiff included proof from Furnisher that Plaintiff was correct and that the Account had been settled.

50. A reasonable investigation by Defendants would have revealed that the accounts are being incorrectly reported.

51. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the Account, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

52. The Bureaus violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

53. Defendants' actions described herein violated 15 U.S.C. § 1681i.

54. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

55. Furnisher continued to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continued to be inaccurate and materially misleading.

56. The Bureaus did not follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

57. On information and belief, on a date better known to each Bureau, they prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

58. The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

59. Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

60. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

61. Each Bureau knew that the Account information was inaccurate as Plaintiff provided them with the proof confirming this.

62. Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

63. Furnisher continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

64. Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

65. In contrast to the Bureaus, when Plaintiff sent the Dispute to Trans Union, it deleted the Account.

66. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

## Damages

67. Plaintiff suffered damage to her reputation as it falsely appears as if there is a delinquency on the Account.

68. This falsity was published to numerous third-parties.

69. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

70. Plaintiff was attempting to get a home loan.

71. Due to Defendants' actions, Plaintiff was unable to secure the necessary credit for her home.

72. This caused Plaintiff to suffer tangible and intangible losses of lack of available credit or increased credit cost for, inter alia funds for a home.

73. Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, a chilling effect on applications for credit, and the mental

and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see her false delinquency.

## FIRSTCAUSE OF ACTION
### (Willful Violation of the FCRA as to the Bureaus)

74. Plaintiff incorporates the allegations in paragraphs 1-73 above as if set forth here.

75. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

76. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained or furnished concerning the Plaintiff.

77. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving each of Plaintiff's Disputes and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

78. Each Bureau have willfully and recklessly failed to comply with the Act.

79. The failure of each Bureau to comply with the Act include but are not necessarily limited to:

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

  d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

  e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

  f. The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer; and

  g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

80. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage as described above.

81. The conduct, action and inaction of each Bureau was willful rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

82. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

 WHEREFORE, Plaintiff, an individual, demands judgment in her favor against each Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

### SECOND CAUSE OF ACTION
**(Negligent Violation of the FCRA as to the Bureaus)**

83. Plaintiff incorporates the allegations in paragraphs 1-73 above as if set forth here.

84. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

85. Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureaus maintained or furnished concerning the Plaintiff.

86. Each Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file

   a. The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c. The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation with the furnisher of the information, that the information was inaccurate;

   e. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureaus to delete;

   f. The failure to take adequate steps to verify information the Bureaus had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g. The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

87. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage as described above.

88. The conduct, action, and inaction of each Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

89. The Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against each Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### **THIRD CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Furnisher)**

90. Plaintiff incorporates the allegations in paragraphs 1-73 above as if set forth here.

91. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

92. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

93. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

94. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

95. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

96. Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the disputes of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

97. Furnisher continued to report these accounts on the Plaintiff's credit report after being notified of her disputes regarding the inaccuracies in relation to said account(s).

98. As described above, and as a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

99. The conduct, action, and inaction of Furnisher was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

100. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against Furnisherk for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
**(Negligent Violation of the FCRA as to Furnisher)**

101. Plaintiff incorporates the allegations in paragraphs 1-73 above as if set forth here.

102. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

103. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

104. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

105. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

106. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

107. As described above, Furnisher is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

108. After receiving the notices of the Disputes from each Bureau, Furnisher negligently failed to conduct its reinvestigation in good faith.

109. A reasonable investigation would require a furnisher to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

110. The conduct, action and inaction of Furnisher was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

111. As described above, and as a result of the conduct, action, and inaction of the Bureaus, Plaintiff suffered damage as described above.

112. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against Furnisher for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o

### DEMAND FOR TRIAL BY JURY

113. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  December 27, 2021

                                        Respectfully submitted,

**Stein Saks, PLLC**

<u>s/ Eliyahu Babad</u>
By:  Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
(201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*